## McGrellis et ux., Appellants, *v.* Welsbach Street Lighting Co. of America.

Argued December 3, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*S. Joseph Stratton,* with him *Saul C. Waldbaum,* for appellant.

*Robert I. Brown, Charles B. Downs* and *William Findlay Brown,* for appellee, were not heard.

PER CURIAM, January 5, 1932:

Plaintiffs appeal from refusal of the court below to take off a nonsuit entered in this action to recover damages for the death of plaintiffs' minor son, who at the time of the accident was eight years old.

The child lost its life as the result of an explosion of gasoline contained in one of two cans which he and two other boys found on a vacant lot on Paschall Avenue between 52d and 54th Streets in the City of Philadelphia. One of these cans was partly filled with the liquid, which they ignited. The cans were identified as belonging to defendant. How they came to be on the vacant lot where the children played, the testimony failed to show. One of plaintiffs' witnesses, a lamp lighter, however, testified that three of the cans of gasoline for his use had, during the night previous to the accident, been stolen from the light area in front of a cellar window in a yard at 56th Street and Woodland Avenue, three blocks distant from the place of the accident, where he was accustomed to keep containers of this character. Two of the stolen cans were those found by the boys at the scene of the accident on the vacant lot, late in the afternoon of the day following their disappearance from the Woodland Avenue premises. We find nothing in the evidence tending in the slightest degree to connect defendant with the presence of the cans where the children

found them, or showing liability on its part. To submit the case to the jury on evidence of the indefinite character here disclosed in the record, would result in permitting a verdict to be based on a fact found without a scintilla of evidence to support the finding. See Cain v. Booth & Flinn, Ltd., 294 Pa. 334, and cases there cited. The court below rightly refused to submit the case to the jury.

The order of the court below refusing to take off the nonsuit is affirmed.